IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

ANTHONY WAYNE RILEY,           )
                               )
          Petitioner,          )
                               )
                               )     CIV-14-962-F
v.                             )
                               )
MICHAEL ADDISON, Warden,       )
                               )
          Respondent.          )

## REPORT  AND  RECOMMENDATION

Petitioner, a state prisoner appearing *pro se*, has filed this Petition for a Writ of

Habeas Corpus pursuant to 28 U.S.C. § 2254.  Petitioner seeks to challenge the conviction

for Trafficking in Illegal Drugs entered against him in the District Court of Oklahoma

County, Oklahoma, Case No. CF-2005-1614, pursuant to a guilty plea.  The matter has been

referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C.

§ 636(b)(1)(B), and the Petition has been preliminarily reviewed pursuant to Rule 4, Rules

Governing Section 2254 Cases in the United States District Courts.  For the following

reasons, it is recommended that the Petition be DISMISSED upon filing for lack of

jurisdiction.

Petitioner filed a previous 28 U.S.C. § 2254 petition for writ of habeas corpus in this

Court challenging the same conviction and sentence.  In Anthony Wayne Riley v. Mike

Addison, Case No. CIV-13-397-F, Petitioner asserted that he was denied effective assistance

of counsel in connection with his plea and sentencing proceedings.  The action was referred

1

to the undersigned Magistrate Judgment pursuant to 28 U.S.C. § 636(b)(1)(B) for initial proceedings.

In a Supplemental Report and Recommendation entered July 29, 2013, the undersigned recommended that the cause of action be dismissed as untimely filed. The Supplemental Report and Recommendation was adopted, and the action was dismissed as untimely. <u>Anthony Wayne Riley v. Mike Addison</u>, Case No. CIV-13-397-F (Order and Judgment, Sept. 13, 2013, Friot, D.J.). Petitioner did not appeal this decision. Hence, the instant habeas action is a successive habeas petition over which this Court lacks jurisdiction.

"The filing of a second or successive §2254 application is tightly constrained by the provisions of the [Antiterrorism and Effective Death Penalty Act]." <u>Case v. Hatch</u>, 731 F.3d 1015, 1026 (10th Cir.), <u>cert. denied</u>, __ U.S. __, 134 S.Ct. 269 (2013). "Before a second or successive [§ 2254] application . . . is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). If the petitioner does not follow this directive, the district court lacks jurisdiction to consider an unauthorized second or successive petition. <u>See In re Cline</u>, 531 F.3d 1249, 1251 (10th Cir. 2008)(*per curiam*).

Petitioner has not shown that he obtained authorization to proceed with this successive petition. Under these circumstances, this Court must determine whether to transfer the unauthorized second or successive habeas action to the Tenth Circuit Court of Appeals in the interest of justice. 28 U.S.C. § 1631. Because the instant Petition is clearly time-barred, it would not further the interest of justice to transfer the action to the appellate

2

court.

The findings and conclusions set forth in the Supplemental Report and Recommendation entered in Petitioner's previous habeas action are just as applicable herein. As the undersigned previously found, Petitioner's conviction became "final" pursuant to 28 U.S.C. § 2244(d)(1)(A) on July 10, 2010, when the time expired for him to appeal by moving to withdraw his guilty plea. The statutory limitations period prescribed in 28 U.S.C. §2244(d)(1) began on July 11, 2010, and expired one year later on July 11, 2011. Neither Petitioner's unsuccessful post-conviction application filed in the state district court on April 5, 2012, or his unsuccessful post-conviction application filed in the state district court on August 17, 2012, tolled the running of the one-year limitations period under 28 U.S.C. §2244(d)(2) because the applications were filed after the limitations period expired. Nor can any subsequent post-conviction applications filed by Petitioner in the state courts toll the running of the limitations period.[1]

Petitioner again asserts in the Petition that he was denied effective assistance of counsel in connection with his plea and sentencing proceedings. Although Petitioner alleges he now has "newly discovered evidence" that could not previously be presented to the Court, Petitioner refers only to a "Florida decision" by the Supreme Court and states that this

---

[1]Petitioner states in the Petition that he unsuccessfully sought post-conviction relief a third time in the state courts, and the Oklahoma Court of Criminal Appeals affirmed the district court's denial of this post-conviction application on April 2, 2013, in Case No. PC-2013-168. Petitioner states that he sought post-conviction relief a fourth time in the state courts, and the Oklahoma Court of Criminal Appeals affirmed the district court's denial of this post-conviction application on July 22, 2014, in Case No. PC-2014-483.

"Florida decision" supports one of his ineffective assistance of counsel claims. Petitioner admits that the decision was entered "years after [his] sentencing." He asserts that the decision "supports [a defense attorney's] right to effectively cross examined [sic] Dog handler about adequacy of procedure dog trained [sic]." Petition, at 14.

It appears Petitioner is referring to the Supreme Court's decision in <u>Florida v. Harris</u>, __ U.S. __, 133 S.Ct. 1050 (2013), in which the Court concluded that, in criminal cases involving evidence obtained as a result of an "alert" by a drug-detection dog during a traffic stop, a defendant "must have an opportunity to challenge [the] evidence of a dog's reliability, whether by cross-examining the testifying officer or by introducing his own fact or expert witnesses." <u>Id.</u> at 1057.

Assuming that Petitioner is asserting that the untimeliness of his Petition should be excused on equitable grounds, it is true that the 28 U.S.C. § 2244(d)(1) limitations period "is subject to equitable tolling" in extraordinary circumstances. <u>Holland v. Florida</u>, 560 U.S. 631, 645 (2010); <u>Miller v. Marr</u>, 141 F.3d 976, 978 (10th Cir. 1998)(one-year limitations period may in rare and extraordinary circumstances be equitably tolled).

"Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." <u>Pace v. DiGuglielmo</u>, 544 U.S. 408, 418 (2005). Extraordinary circumstances that warrant equitable tolling of the limitations period may include "a constitutional violation [that] has resulted in the conviction of one who is actually innocent or incompetent." <u>Miller</u>, 141 F.3d at 978.

The Supreme Court has recognized that "actual innocence, if proved, serves as a gateway through which a petitioner may pass" to obtain federal habeas review of a petition after the expiration of the statute of limitations. McQuiggin v. Perkins, __ U.S. __, 133 S.Ct. 1924, 1928 (2013). The actual-innocence gateway is "rare: '[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" Id. (quoting Schlup v. Delo, 513 U.S. 298, 329 (1995)). Actual innocence means "factual innocence not mere legal insufficiency." Bousley v. United States, 523 U.S. 614, 623 (1998).

Petitioner does not allege actual innocence. Rather, Petitioner asserts only that he believes he has found support in a recent Supreme Court case, issued eight years after his conviction, for a legal argument directed toward the sufficiency of his defense counsel's actions. Petitioner is not entitled to equitable tollling of the now-expired limitations period, and his Petition is untimely. Hence, the interest of justice would not be furthered by a transfer of the action to the appellate court for consideration of a request for authorization to file a second or successive habeas action, and the instant action should be dismissed for lack of jurisdiction.

<u>RECOMMENDATION</u>

Based on the foregoing findings, it is recommended that the Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 be DISMISSED for lack of jurisdiction as an unauthorized successive Petition that is untimely. Petitioner is advised of his right to file an

objection to this Report and Recommendation with the Clerk of this Court by   October 20th,

2014, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72.  The failure to timely

object to this Report and Recommendation would waive appellate review of the

recommended ruling.  Moore v. United States of America, 950 F.2d 656 (10th Cir. 1991); cf.

Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996)("Issues raised for the first time in

objections to the magistrate judge's recommendations are deemed waived.").

This Report and Recommendation disposes of all issues referred to the undersigned

Magistrate Judge in the captioned matter, and any pending motion not specifically addressed

herein is denied.

ENTERED this _____30th_____ day of _____September_____, 2014.


_____
GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE